# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | | |
|---|---|---|
| **RICHARD LOVELL and CHANDA LOVELL** | ) | **Demand for Jury Trial** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION** |
| | ) | **NO. _____** |
| **SELENE FINANCE, L.P. and HUDSON AND MARSHALL, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

COME NOW Richard Lovell and Chanda Lovell ("Plaintiffs") and complain of the Defendants Selene Finance, LP and Hudson and Marshall, LLC as follows:

## JURISDICTION AND VENUE

1. Richard Lovell and Chanda Lovell are individual residents of the State of Alabama over the age of 19 years old who reside in St. Clair County, Alabama.

2. Selene Finance, L.P. is a foreign limited partnership with its principal place of business in Texas.

3. Hudson and Marshall, LLC is foreign limited liability company with its principal place of business is in Texas.

4. Jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332. As

1

provided below, the citizenship of each plaintiff is different from each defendant, there is "complete diversity", and the amount in controversy is substantially in excess of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs. The actions giving rise to this cause of action happened within this District. Therefore, venue is proper in this District pursuant to 28 U.S.C. § 1391.

## **FACTS**

5.     Selene Finance L.P. ("Selene"), acting by and through its agent, auctioneer Hudson and Marshall, LLC ("Hudson and Marshall"), advertised the March 8, 2017 auction of a four bedroom, two bathroom, 1976 square foot home built in 2007 on approximately 3.4 acres of real estate located at 390 Old Macedonia road, Ragland, Alabama 35131.  (See Auction Notice attached hereto as **Exhibit A**)

6.     The auction was advertised as a "Renovation Ready Auction" with a minimum bid of $41,750. It required an earnest money deposit of five percent (5%) following a winning bid.  (See **Exhibit A**).

7.     The home was unoccupied at the time of the auction.

8.     Pursuant to the terms of the Auction Notice, the home and property were to be conveyed "as is".

9.     Prior to the auction, on February 28, 2017, Richard Lovell inspected the property along with his agent, Scotty Walters with ARC Realty.  The inspection

revealed that the front door of the home had been kicked in, and the home was stripped of virtually all appliances and other necessary fixtures.

10. As advertised, Hudson and Marshall conducted the auction on March 8, 2017, and Plaintiffs were the highest bidders at the close of the auction with a bid of $56,000.

11. On March 13, 2017, Plaintiffs tendered $2,800 in earnest money pursuant to the terms of the auction.

12. Thereafter, on April 18, 2017, Plaintiffs further paid $274.93 toward the closing costs for the purchase of the real estate.

13. After winning the bid, Plaintiffs secured the home and made repairs and purchases in order to make the home livable.

14. Defendant Selene refused to close on the sale of the home and real estate to Plaintiffs.

15. Plaintiffs are ready, willing and able, and have been ready, willing and able to close on the purchase said home and real estate.

16. Defendant Selene continues to refuse to close on the sale of the real estate.

17. Defendants now claim that the home which is permanently affixed to the real estate was not offered for sale at auction. They claim that only the real estate

under the home was offered for sale. All advertising materials, written and verbal statements and certain actions of Defendants prior to the auction directly contradict this false claim.

18. Plaintiffs sold their house in order to close on the property they won at auction.

19. Plaintiffs won the bid at auction on a Wednesday and sold their other property on the following Friday.

20. Plaintiffs have secured the real estate at issue with an expectation based on representations by Defendants that they would timely and effectively close the real estate at issue in this case.

21. Evidently, Selene was dissatisfied with the price at which its property was sold.

22. Despite Selene's agreement with Hudson and Marshall to offer its property for sale at an auction, Selene only intended to sell the property if it was satisfied with the price. Based on Selene's actions, Hudson and Marshall's advertisement of the sale at auction effectuated a clear misrepresentation on its behalf.

23. As a result of its dissatisfaction with the sales price, Selene refused to close on the sale of the real estate.

24. Plaintiffs remain ready, willing and able to close on the sale of the real

estate.

## COUNT I

### (BREACH OF CONTRACT)

25. Plaintiffs incorporate by reference all preceding paragraphs in this Complaint as if set out here in full.

26. Defendant Selene entered into a contract with the Plaintiffs to sell real estate as provided herein.

27. Defendant Selene failed to close on the sale of said real estate as required.

28. Defendant Selene's actions thus constitute a breach of the parties' contract.

**WHEREFORE,** the Plaintiffs move this Court for judgment in the form of specific performance to compel the Defendant to comply with her contractual obligations to sell the subject real estate. Alternatively**,** if this Court does not deem the remedy of specific performance to be appropriate, the Plaintiffs move this Court for judgment in an amount of compensatory damages not less than $75,000, attorneys' fees, costs and interest to be determined by this Court.

## COUNT II

### (MISREPRESENTATION)

29. Plaintiffs incorporate by reference all preceding paragraphs in this

Complaint as if set out here in full.

30. Selene offered its property for sale at an absolute auction with knowledge that said property would only be sold if the price offered met its expectations. The representations and/or concealment by the defendants were of material facts, were false, reckless and/or wanton and known to be false by the defendants.

31. The foregoing representations made by defendants to Plaintiffs were misrepresentations of material facts and made willfully to deceive, or recklessly without knowledge, and relied upon by Plaintiffs to their detriment, so as to constitute fraud under Ala. Code § 6-5-101 (1975).

32. Plaintiffs further allege that defendant fraudulently suppressed from Plaintiff the truth about the willingness of defendant to close the sale of the absolute auction.

33. The aforesaid suppression was withheld consciously, deliberately, oppressively, intentionally, fraudulently, and/or wantonly.

34. The defendants were under a duty, because of the circumstances in this particular case or because the law implies a duty, to communicate material facts herein above mentioned to the Plaintiffs.

35. The foregoing misrepresentations made by the defendants constitute suppression of material facts which the defendant was under an obligation to

communicate to the Plaintiffs, so as to constitute fraud in the inducement under Ala. Code § 6-5-102 (1975).

36. As a result of the above-stated intentional misrepresentations and/or reckless disregard for the truth perpetrated by the defendant, Plaintiffs were caused to incur substantial monetary damages.

37. As a result of the above-stated willful, wanton and/or reckless misrepresentations by the defendant, Plaintiffs were caused to incur substantial monetary damages.

**WHEREFORE,** the Plaintiffs move this Court for judgment in an amount of compensatory damages not less than $75,000, costs and punitive damages to be determined by this Court.

### *COUNT III*

### **(NEGLIGENCE)**

38. Plaintiffs incorporate by reference all preceding paragraphs in this Complaint as if set out here in full.

39. Defendants owed a duty to Plaintiffs, as bidders at the auction, to conduct the subject sale in the manner it was advertised.

40. Defendants failed to conduct the auction in the manner it was exercised, thereby breaching their duty to Plaintiffs and causing harm to Plaintiffs.

**WHEREFORE,** the Plaintiffs move this Court for judgment in an amount of compensatory damages not less than $75,000 to be determined by this Court, plus costs.

/s/Brandy Murphy Lee
Brandy Murphy Lee
Attorney for Plaintiffs

OF COUNSEL:
RED MOUNTAIN LAW GROUP
LEE LAW FIRM, LLC
The Landmark Center
2100 First Avenue North
Suite 600
Birmingham, Alabama 35203
205-328-9445 Ext 405
brandy@leelawfirmllc.com

Brice M. Johnston
JOHNSTON LAW FIRM, PC
The Landmark Center
2100 First Avenue North
Suite 600
Birmingham, Alabama 35203
205-328-9445 Ext 600

**PLAINTIFFS HEREBY DEMAND A TRIAL BY STRUCK JURY**

*/s/Brandy Murphy Lee*
Of Counsel

**PLEASE SERVE THE FOLLOWING DEFENDANTS VIA CERTIFIED MAIL:**

**Selene Finance, L.P.**
c/o CT Corporation System
2 North Jackson St., Suite 605
Montgomery, Alabama 36104


**Hudson and Marshall, LLC**
c/o National Corporate Research LTD Inc.
2094 Myrtlewood Drive
Montgomery, Alabama 36111