# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | | |
|---|---|---|
| **RICHARD LOVELL and CHANDA LOVELL** | ) | **Demand for Jury Trial** |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO.** |
| | ) | **1:17-CV-00850-KOB** |
| **SELENE FINANCE, L.P.,** | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED COMPLAINT

COME NOW Richard Lovell and Chanda Lovell ("Plaintiffs") and complain of the Defendant Selene Finance, LP as follows:

## JURISDICTION AND VENUE

1. Richard Lovell and Chanda Lovell are individual residents of the State of Alabama over the age of 19 years old who reside in St. Clair County, Alabama.

2. Selene Finance, L.P. ("Selene") is a foreign limited partnership with its principal place of business in Texas. Plaintiffs allege that each of Selene's partners are citizens of Texas.

3. Jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332. As alleged herein, the citizenship of each plaintiff is different from Defendant and each owner of Defendant, thus there is "complete diversity", and the amount in controversy

1

is substantially in excess of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs. The actions giving rise to this cause of action happened within this District. Therefore, venue is proper in this District pursuant to 28 U.S.C. § 1391.

## **FACTS**

4. Selene, acting by and through its agent, auctioneer Hudson and Marshall, LLC advertised via an auction notice (hereinafter, "the Auction Notice") the March 8, 2017 auction of a four bedroom, two bathroom, 1976 square foot home built in 2007 on approximately 3.4 acres of real estate located at 390 Old Macedonia road, Ragland, Alabama 35131.

5. The auction was advertised as a "Renovation Ready Auction" with a minimum bid of $41,750. It required an earnest money deposit of five percent (5%) following a winning bid.

6. The home was unoccupied at the time of the auction.

7. Pursuant to the terms of the Auction Notice, the home and property were to be conveyed "as is".

8. Prior to the auction, on February 28, 2017, Richard Lovell inspected the property along with his agent, Scotty Walters with ARC Realty. The inspection revealed that the front door of the home had been kicked in, and the home was stripped of virtually all appliances and other necessary fixtures.

9.  As advertised, Hudson and Marshall, LLC conducted the auction on March 8, 2017, and Plaintiffs were the highest bidders at the close of the auction with a bid of $56,000.

10. On March 13, 2017, Plaintiffs tendered $2,800 in earnest money pursuant to the terms of the auction.

11. Also on March 13, 2017, Plaintiffs and Selene signed a Purchase Agreement which required a closing "ON OR BEFORE the date that is fifteen (15) calendar days after the date of Seller's execution of this Agreement."

12. After winning the bid, Plaintiffs secured the home and made repairs and purchases in order to make the home livable. Defendant Selene refused to close on the sale of the home and real estate to Plaintiffs in accordance with its Purchase Agreement with Plaintiffs.

13. Thereafter, on April 18, 2017, Plaintiffs further paid $274.93 toward the closing costs for the purchase of the real estate.

14. Plaintiffs are ready, willing and able, and have been ready, willing and able to close on the purchase said home and real estate but Defendant has failed and refused to close on the purchase of said home and real estate.

15. Following the auction, Defendant claimed that the home which is permanently affixed to the real estate was not offered for sale at auction. It claimed that

only the real estate under the home was offered for sale. All advertising materials (including the Auction Notice), written and verbal statements and certain actions of Defendant prior to the auction directly contradict this false claim.

16. Plaintiffs sold their house in order to close on the property they won at auction. Plaintiffs won the bid at auction on a Wednesday and sold their other property on the following Friday.

17. Plaintiffs have secured the real estate at issue with an expectation based on representations by Defendant that it would timely and effectively close the real estate at issue in this case, and now Defendant demands rent from Plaintiffs.

18. Evidently, Selene was dissatisfied with the price at which its property was sold.

19. As a result of its dissatisfaction with the sales price, Selene has refused to close on the sale of the real estate.

20. Plaintiffs remain ready, willing and able to close on the sale of the real estate.

## *COUNT I*

## **(BREACH OF CONTRACT)**

21. Plaintiffs incorporate by reference all preceding paragraphs in this Complaint as if set out here in full.

22. Defendant Selene entered into a contract with the Plaintiffs to sell real estate as provided herein.

23. Defendant Selene failed to close on the sale of said real estate as required by the Purchase Agreement.

24. Defendant Selene's actions thus constitute a breach of the parties' contract.

**WHEREFORE,** the Plaintiffs move this Court for judgment in the form of specific performance to compel the Defendant to comply with its contractual obligations to sell the subject real estate. Alternatively**,** if this Court does not deem the remedy of specific performance to be appropriate, the Plaintiffs move this Court for judgment in an amount of compensatory damages not less than $75,000, attorneys' fees, costs and interest to be determined by this Court.

## *COUNT II*

### **(NEGLIGENT, WANTON AND/OR RECKLESS MISREPRESENTATION AND CONCEALMENT OF MATERIAL FACTS)**

25. Plaintiffs incorporate by reference all preceding paragraphs in this Complaint as if set out here in full.

26. Evidently, Selene offered its property for sale at auction with knowledge that said property would only be sold if the price offered met its expectations. The

representations regarding the terms of sale and/or the concealment by the Defendant that it would only close on the sale of such property upon its satisfaction with the terms of sale were of material facts, were false, negligent, wanton and/or reckless and known to be false by the Defendant.

27.   The foregoing representations made by Defendant to Plaintiffs were misrepresentations of material facts and made negligently, wantonly and/or recklessly, and relied upon by Plaintiffs to their detriment.

28.   Plaintiffs further allege that Defendant negligently, wantonly and/or recklessly suppressed from Plaintiffs the truth about the willingness of Defendant to close the sale of the absolute auction.

29.   The Defendant was under a duty, because of the circumstances in this particular case or because the law implies a duty, to communicate material facts herein above mentioned to the Plaintiffs.

30.   As a result of the above-stated negligent, wanton and/or reckless misrepresentations and negligent, wanton and/or reckless disregard for the truth perpetrated by the Defendant, Plaintiffs were caused to incur substantial monetary damages.

31.   As a result of the above-stated willful, wanton and/or reckless misrepresentations by the Defendant, Plaintiffs were caused to incur substantial

monetary damages.

**WHEREFORE,** the Plaintiffs move this Court for judgment in an amount of compensatory damages not less than $75,000, costs and punitive damages to be determined by this Court.

## *COUNT III*

## **(NEGLIGENCE)**

32.    Plaintiffs incorporate by reference all preceding paragraphs in this Complaint as if set out here in full.

33.    Defendant owed a duty to Plaintiffs, as bidders at the auction, to conduct the subject sale in the manner it was advertised and as agreed in the Purchase Agreement.

34.    Defendant failed to conduct the auction in the manner it was exercised, thereby breaching their duty to Plaintiffs and causing harm to Plaintiffs.

**WHEREFORE,** the Plaintiffs move this Court for judgment in an amount of compensatory damages not less than $75,000 to be determined by this Court, plus costs.

*/s/Brandy Murphy Lee*
Brandy Murphy Lee
Attorney for Plaintiffs

OF COUNSEL:
RED MOUNTAIN LAW GROUP

LEE LAW FIRM, LLC
The Landmark Center
2100 First Avenue North
Suite 600
Birmingham, Alabama 35203
205-328-9445 Ext 405
brandy@leelawfirmllc.com

Brice M. Johnston
JOHNSTON LAW FIRM, PC
The Landmark Center
2100 First Avenue North
Suite 600
Birmingham, Alabama 35203
205-328-9445 Ext 600


**PLAINTIFFS HEREBY DEMAND A TRIAL BY STRUCK JURY**

                                                    */s/Brandy Murphy Lee*
                                                    Of Counsel


**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of August, 2017, I served a copy of the foregoing document on the following via electronic filing and/or mail via the United States Postal Service:

AMANDA M. BECKETT
JESSICA KEIR
Rubin Lublin, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071

8

*/s/Brandy Murphy Lee*
Of Counsel