**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **RICHARD LOVELL, et al.** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 1:17-cv-00850-KOB |
| ) | |
| **SELENE FINANCE, L.P., et al.** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

This matter comes before the court on Defendant Selene Finance's motion to dismiss the amended complaint. (Doc. 19).

Plaintiffs allege that they made the winning bid at an auction at which Selene was selling real estate with a home located in Ragland, Alabama. (Doc. 17 at 2–3). They assert that, despite having signed a purchase agreement with them, Selene has refused to close on the sale of the home and real estate, claiming that the home was not included in the sale. (*Id.* at 3). Plaintiffs seek specific performance and compensatory damages for breach of contract; negligent, wanton, and/or reckless misrepresentation and concealment of material facts; and negligence. (*Id.* at 4–7). Selene counterclaims for ejectment. (Doc. 26).

Selene moves to dismiss the amended complaint for failure to state a claim. (Doc. 19; Doc. 20 at 3–7). The court WILL GRANT IN PART AND DENY IN PART the motion to dismiss. The court WIILL DENY the motion to dismiss Plaintiffs' breach of contract claim because the Selene accepted Plaintiffs' bid by signing the addendum to the purchase agreement. The court WILL DISMISS WITHOUT PREJUDICE Plaintiffs' misrepresentation claim because

Plaintiffs failed to plead it with particularity. Finally, the court WILL DENY the motion to dismiss Plaintiffs' negligence claim because the amended complaint appears to claim that Selene negligently advertised and conducted the auction, not that it negligently failed to perform its obligations under the contract.

I. BACKGROUND

At this stage, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiffs. *Butler v. Sheriff of Palm Beach Cty.*, 685 F.3d 1261, 1265 (11th Cir. 2012). "Although analysis of a . . . motion [to dismiss] is limited primarily to the face of the complaint and attachments thereto, a court may consider documents attached to the motion to dismiss if they are referred to in the complaint and are central to the plaintiff's claim." *Starship Enters. of Atlanta, Inc. v. Coweta Cty., Ga.*, 708 F.3d 1243, 1253 n.13 (11th Cir. 2013). Because Selene attaches documents that meet those requirements, and because Plaintiffs do not contest the authenticity of the attached documents, the court will describe those documents and consider them in ruling on Selene Finance's motion to dismiss.

On March 8, 2017, Selene's agent conducted an auction of a property located in Ragland, Alabama. (Doc. 17 at 2). The auction notice advertised a "Renovation Ready Auction" of a four-bedroom, two-bathroom, 1,976-square-foot home situated on approximately 3.4 acres of land, which would be conveyed "as is." (*Id.*).

Plaintiffs were the highest bidders at the auction with a bid of $56,000. (Doc. 17 at 3). On March 13, 2017, they tendered an earnest money deposit of $2,800, and they initialed a "purchase agreement" with Selene on the same day. (*Id.*; Doc. 20 at 11).

The purchase agreement states:

> Buyer acknowledges and agrees that its bid and purchase is subject to, and contingent upon, Seller approving the bid and purchase, which approval shall be

given or denied at Seller's sole and absolute discretion in accordance with the terms of this Purchase Agreement and Real Estate Purchase Addendum—CWCOT Occupied Property.

(Doc. 20 at 11).

On March 17, 2017, Plaintiffs signed an addendum to the purchase agreement, and on March 23, 2017, Selene's agent signed the same addendum. (*Id.* at 16). The addendum states:

> The Closing of the sale between Seller and Buyer shall be <u>ON OR BEFORE</u> the date that is fifteen (15) calendar days after the date of Seller's execution of this Agreement for cash transactions or forty-five (45) calendar days after the date of Seller's execution of this Agreement for transactions being financed . . . .

(*Id.* at 12). But it does not indicate when or how Selene had to approve or deny the bid. (*Id.* at 12–16).

On April 18, 2017, Plaintiffs paid $274.93 toward the closing costs, but Selene refuses to close on the purchase, claiming that the auction sold only the real estate, and did not include the home located on that real estate. (Doc. 17 at 3–4).

Plaintiffs assert the following claims: (1) breach of the contract to sell real estate; (2) misrepresentation of Selene's willingness to close the sale; and (3) negligence for failing to conduct the auction as advertised.[1] (*Id.* at 4–7).

## II. DISCUSSION

Selene moves to dismiss the amended complaint for failure to state a claim. A motion to dismiss attacks the legal sufficiency of the complaint. Generally, the Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)). Rule 8 does not

---

[1] This court has jurisdiction under 28 U.S.C. § 1332(a) because the parties are diverse and Plaintiffs "asserted various causes of action and claimed damages that, in the aggregate, were greater than $75,000." *Giovanno v. Fabec*, 804 F.3d 1361, 1365 (11th Cir. 2015).

require "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47), but it does "demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009). But "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

1. Breach of Contract

Selene contends that Plaintiffs fail to state a breach of contract claim because the purchase agreement provided that Selene could reject the purchase price at its sole discretion. (Doc. 20 at 4–5). The court disagrees and concludes that Selene's agent signing the addendum showed Selene's acceptance of Plaintiffs' bid. As a result, the court finds that Plaintiffs state a claim for breach of contract.

Under Alabama law, "[t]he elements of a breach-of-contract claim . . . are (1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages." *Reynolds Metals Co. v. Hill*, 825 So. 2d 100, 105 (Ala. 2002). A valid contract requires "an offer and an acceptance, consideration, and mutual assent to terms essential to the formation of a contract." *Hardy Corp. v. Rayco Indus.*, 143 So. 3d 172, 180 (Ala. 2013) (quotation marks omitted).

The purchase agreement, which the parties initialed on March 13, 2017—the day of the auction—states: "Buyer acknowledges and agrees that its bid and purchase is subject to, and contingent upon, Seller approving the bid and purchase, which approval shall be given or denied at Seller's sole and absolute discretion . . . ." (Doc. 20 at 11). That language suggests that the purchase agreement is merely an offer by Plaintiffs to purchase the land for $56,000, and it gives no indication that Selene has accepted or rejected that offer—indeed, it affirmatively reserves

4

Selene's right to approve the offer. (*Id.*). The purchase agreement standing alone does not create a valid contract because it lacks the essential element of the seller's acceptance of the offer. *See Hardy*, 143 So. 3d at 180.

But the addendum cures the deficiency in the purchase agreement. Selene's agent signed the addendum on March 23, 2017, ten days after the auction, the parties' initialing of the purchase agreement, and Plaintiffs' tendering the earnest money deposit. (Doc. 20 at 11, 16). In addition, the execution of the addendum starts the countdown to the date for the closing—either fifteen days after execution of the addendum if the buyers are paying with cash, or forty-five days after execution of the addendum if the buyers are financing the purchase. (*Id.* at 12). At this stage, the court must conclude that Selene's execution of the addendum indicated its acceptance of Plaintiffs' offer of $56,000 for the property, and its agent's signing of the addendum triggered Selene's obligation to close on the property. *See Dixon v. Hill*, 456 So. 2d 313, 315 (Ala. Civ. App. 1984) (stating that if "seller had accepted plaintiff's offer to buy," seller "could not later reject [plaintiff's] bid"). If the purchase agreement and addendum failed to set out a price on which the parties had *agreed*, it would not constitute a contract in the first place because it would be too indefinite to enforce. *See White Sands Grp. v. PRS II*, 998 So. 2d 1042, 1051 (Ala. 2008) (holding an alleged contract invalid for indefiniteness, and stating that "[a] lack of definiteness in an agreement may concern . . . the price to be paid . . . .") (quotation marks omitted); *see also Nihon Rufuto Co. v. Nidek Med. Prods.*, 437 F. App'x 782, 788–89 (11th Cir. 2011) (holding that an alleged contract was too indefinite to enforce in part because "[t]he documents reflect that many of the engineering and design details . . . were contingent upon Nihon Rufuto's later approval").

5

In its reply, Selene contends, for the first time, that Plaintiffs fail to state a breach of contract claim because they have not performed their obligation to either pay the full purchase price or obtain financing. (Doc. 24 at 2–3). Typically, the court "does not consider issues or arguments raised for the first in a reply, for to do so deprives the non-movant of a fair opportunity to respond." *Butler v. Cleburne Cty. Comm'n*, 2012 WL 2357740, at *6 (N.D.Ala. Jan. 17, 2012). But even if the court did consider that argument, the court would reject it because at this stage, the court must accept as true Plaintiffs' allegations, and Plaintiffs allege that they "are ready, willing and able, and have been ready, willing and able to close on the purchase." (Doc. 17 at 3). The court cannot and will not credit Selene's contradictory *allegation* that Plaintiffs were *not* willing or able to close on the purchase.

Because the purchase agreement and addendum formed a valid contract, Selene's defense that it retained the ability to refuse the sale at any time must fail. *See Dixon*, 456 So. 2d at 315. By accepting Plaintiffs' offer and then refusing to close on the purchase despite Plaintiffs' readiness to perform their part, Selene failed to perform its obligations under the contract. As a result, Plaintiffs state a claim for breach of contract, and the court WILL DENY Selene's motion to dismiss the breach of contract claim.[2]

2. Misrepresentation

Selene contends that Plaintiffs fail to state a misrepresentation claim because, among other things, Plaintiffs fail to plead this claim with the particularity required by Federal Rule of Civil Procedure 9(b). (Doc. 20 at 6). Plaintiffs respond that they do not have to plead their claim

---

[2] In its motion to dismiss, Selene points out that the contract contains a clause providing that mobile homes located on the real estate are not included in the sale, and states that the home located on the property was a mobile home. (Doc. 20 at 2). But Selene does not argue that Plaintiffs fail to state a claim because the contract does not cover the home located on the property, so the court will not address that issue at this time. (*See generally* Doc. 20).

6

with particularity because it is for "negligent, wanton and/or reckless misrepresentation." (Doc. 22 at 3).

The Eleventh Circuit has not addressed whether a plaintiff raising a negligent or reckless misrepresentation claim under Alabama law must plead the claim with particularity under Rule 9(b). But Alabama law provides that all misrepresentation claims, whether intentional, negligent, or innocent, are claims of "legal fraud." Ala. Code § 6-5-101 ("Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud."). And Rule 9(b), by its plain language, requires a plaintiff to plead with particularity fraud or mistake, indicating that whether the defendant's action was intentional, negligent, or innocent is irrelevant to the applicability of the requirement for heightened pleading. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). As a result, the court holds that a plaintiff raising a misrepresentation claim under Alabama law must plead it with particularity. *See McGee v. JP Morgan Chase Bank, NA*, 520 F. App'x 829 (11th Cir. 2013) ("[B]ecause negligent misrepresentation [under Florida law] sounds in fraud, the facts surrounding the claim must be pled with particularity.").

> To plead a claim with particularity, the complaint must
>
> set forth (1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendant obtained as a consequence of the fraud.

*FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011).

The amended complaint states that Selene's agent advertised the auction as a "Renovation Ready Auction" of a four-bedroom, two-bathroom, 1,976-square-foot home situated on approximately 3.4 acres of real estate. (Doc. 17 at 2). It further states that after Plaintiffs made the winning bid and the parties entered into the purchase agreement, Selene refused to close on the sale because the home located on the land was not included in the sale. (*Id.* at 3). The complaint also makes clear that Plaintiffs believed that they were bidding on the real property *and* the home. (*See generally* Doc. 17).

But the complaint does not set out the time and place of those statements or the person who made them. Nor does it set out what Selene obtained as a consequence of the fraud. In addition, the count raising the misrepresentation cause of action expressly mentions only Selene's alleged representations about its willingness to accept the highest bid at the auction. (*Id.* at 5–6). The court cannot determine the basis for the misrepresentation claim. As a result, the court finds that Plaintiffs failed to plead the claim with particularity. The court WILL DISMISS WITHOUT PREJUDICE Plaintiffs' misrepresentation claim.

3. <u>Negligence</u>

Plaintiffs allege that Selene acted negligently by failing to conduct the auction in the manner it was advertised "and as agreed in the Purchase Agreement." (Doc. 17 at 7). Selene contends that Plaintiffs fail to state a negligence claim because (1) Alabama law does not recognize a cause of action for negligence based on breach of a duty created by a contract, and (2) the amended complaint fails to show how Selene breached a duty to Plaintiffs. (Doc. 20 at 7).

The Middle District of Alabama has held that "Alabama does not recognize a tort-like cause of action for the breach of a duty created by contract." *Blake v. Bank of Am., N.A.*, 2845

F. Supp. 2d 1206, 1210 (M.D. Ala. 2012). Indeed, the Alabama Supreme Court has held that "negligent *failure* to perform a contract express or implied . . . is but a breach of the contract." *Vines v. Crescent Transit Co.*, 85 So. 2d 436, 440 (Ala. 1955).

The factual basis for Plaintiffs' negligence claim is not entirely clear, but the amended complaint *appears* to assert that Selene negligently advertised and conducted the auction—not only that Selene breached a duty created by the contract or that Selene negligently failed to perform on the contract. (*See* Doc. 17 at 7). Because negligently advertising and conducting the auction is not a cause of action based on a breach of contract, the court will not dismiss it on that basis.

Selene mentions in passing that the amended complaint "is devoid of any facts showing how the Defendant[ ] breached a duty, if one even existed, relating to the auction." (Doc. 20 at 7). The court agrees. But Selene does not cite to any legal authority addressing whether a duty exists as to advertising or conducting an auction; nor does it even cite any authority addressing how to determine the existence of a legal duty under Alabama law. (*See id.*). "[T]he [c]ourt generally will not give consideration to arguments that are not fully developed or bolstered with legal authority." *Fenn v. Hulsey*, 2009 WL 10687829, *2 n.5 (N.D. Ala. Sept. 18, 2009) (collecting cases).

Because Selene fails to support its argument with any legal authority, the court declines to dismiss this claim on that basis. The court WILL DENY the motion to dismiss Plaintiffs' negligence claim.

### III. CONCLUSION

The court WILL GRANT IN PART AND DENY IN PART Selene's motion to dismiss the amended complaint. The court WILL DENY the motion to dismiss Plaintiffs' breach of

contract and negligence claims, but the court WILL DISMISS WITHOUT PREJUDICE Plaintiffs' misrepresentation claim for failure to plead fraud with particularity.

**DONE** and **ORDERED** this 3rd day of April, 2018.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE